UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE JEAN ROGERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOSES VALDEZ,<br><br>　　　　Defendant. | Case No. 2:24-cv-02506-TLN-CSK<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

Plaintiff Nicole Jean Rogers is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

1  assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*,
2  the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient
3  where it alleges that the affiant cannot pay court costs and still afford the necessities of
4  life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis
5  statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some
6  particularity, definiteness and certainty." *Id*. According to the United States Department
7  of Health and Human Services, the current poverty guideline for a household of one (not
8  residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service
9  (available at https://aspe.hhs.gov/poverty-guidelines).
10       Here, Plaintiff's IFP shows that she has a yearly income of $17,940, and pays
11 $900 a month in rent. *See* ECF No. 2. Plaintiff has made the required showing under
12 28 U.S.C. § 1915(a). *See id.* However, the Court will recommend Plaintiff's IFP
13 application be denied because the action is facially frivolous and without merit because it
14 fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny
15 leave to proceed in forma pauperis at the outset if it appears from the face of the
16 proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of
17 Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821
18 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584
19 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying
20 McGee's request to proceed IFP because it appears from the face of the amended
21 complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d
22 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for
23 leave to proceed in forma pauperis to determine whether the proposed proceeding has
24 merit and if it appears that the proceeding is without merit, the court is bound to deny a
25 motion seeking leave to proceed in forma pauperis."). Because it appears from the face
26 of the Complaint that this action is frivolous and is without merit as discussed in more
27 detail below, the Court recommends denying Plaintiff's IFP motion.
28 / / /

2

## II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

/ / /

### III. THE COMPLAINT

Plaintiff brings her Complaint against Defendant Moses Valdez. *See* Compl. (ECF No. 1). On the first page of her Complaint, Plaintiff provides a Sacramento address for Defendant (Compl. at 1), and on the Civil Cover Sheet Plaintiff states that Defendant resides in Stockton, California (ECF No. 1-1). But Plaintiff also checked the box for "Foreign Nation" in the Citizenship of Principal Parties section. ECF No. 1-1. Plaintiff alleges that in July 1993, Defendant raped her in Oak Park, California "off of 21st street and 36th Avenue." Compl. at 1. Plaintiff alleges that in 2007, Defendant was on the run from his parole agent and that there was "a grand theft robbery of Mervyns." Compl. at 1-2. Plaintiff also alleges that Defendant was in jail, and Plaintiff sent him a "catalog/magazine of Rogers Jewelry, my Aunt Linda, and my Mama June Maberry." *Id.* at 2. She further states the Defendant "manipulated, used, and abused the information to and for his full advantage." *Id.* Plaintiff alleges that Defendant and his associates "have used drug and murder money for purposes to buy out the jewelry stores," and that she had a trust written in 2005 that "they manipulated" in 2011. *Id.* On the Civil Cover Sheet, Plaintiff states that she is bringing causes of action for rape, entrapment, economic abuse, and embezzlement. ECF No. 1-1. Plaintiff requests $10 million on the Civil Cover Sheet. *Id.*

### IV. DISCUSSION

#### A. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d

at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint fails to establish the Court's subject matter jurisdiction. *See* Compl. Based on Plaintiff's Complaint and Civil Cover Sheet, Plaintiff is attempting to assert claims for rape, entrapment, economic abuse, and embezzlement. As an initial matter, rape and economic abuse are not based on federal law and they do not present any federal question. There is a federal embezzlement statute (18 U.S.C. § 641), however there is no private right of action under this statue. *See Chilkat Indian Village v. Johnson*, 870 F.2d 1469, 1472 (9th Cir. 1989); *Retanan v. Cal. Dept. of Corr. & Rehab.*, 2012 WL 1833888, at *5 (E.D. Cal. May 18, 2012). Entrapment is a defense that is available in federal court, however it is a defense and not a claim. *See United States v. Gomez*, 6 F.4th 992, 1001 (9th Cir. 2021) ("The Supreme Court has 'firmly recognized the defense of entrapment in the federal courts.'" (citation omitted)). Therefore, the Complaint states no basis for federal court jurisdiction.

The Complaint also fails to establish diversity jurisdiction. Although Plaintiff states the amount in controversy is $11 million, Plaintiff fails to establish that there is complete diversity of citizenship. On the face of the Complaint, both parties appear to be citizens of California. Compl. at 1. On Plaintiff's Civil Cover Sheet, she checked the box for "Foreign Nation" in the Citizenship of Principal Parties section (ECF No. 1-1), however Plaintiff does not make any other allegations that Defendant is diverse from Plaintiff. Because there is no diversity of citizenship established here, the Court finds that it also lacks subject matter jurisdiction based on diversity jurisdiction.

**B.     Failure to Comply with Federal Rule of Civil Procedure 8**

Plaintiff's Complaint does not contain a short and plain statement of a claim as

required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). While Plaintiff lists embezzlement, entrapment, and economic abuse on her Civil Cover Sheet, it is not clear from the face of the Complaint that she is attempting to bring these claims, and she does not sufficiently allege facts supporting these claims. While Plaintiff provides some details supporting the rape allegation, they are not enough to state a claim. And as stated above, the rape allegation does not provide a basis for federal jurisdiction. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The Complaint is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C. Leave to Amend

In considering whether leave to amend should be granted, the Court considers that Plaintiff's Complaint does not present a cogent, non-frivolous claim. The Court also notes that Plaintiff has filed many Complaints in the Eastern District of California, most of which have been dismissed. *See, e.g. Rogers v. Ward-Rust*, 2024 WL 4505531 (E.D. Cal. Oct. 16, 2024), findings and recommendations adopted by 2024 WL 4770308 (E.D. Cal. Nov. 13, 2024) (dismissing plaintiff's amended complaint without leave to amend); *Rogers v. Eastern Indians*, 2024 WL 5220462 (E.D. Cal. Dec. 26, 2024) (dismissing complaint without leave to amend); *Rogers v. Fed. Background Investigation - Background Check*, 2024 WL 4626231 (E.D. Cal. Oct. 30, 2024) (same). In light of the Court's lack of subject matter jurisdiction and the Complaint's deficiencies, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed

without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V.  CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 8, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, roge.2506.24